UNITED STATES BANKRUPTCY COURT
DISCTRICT OF CONNECTICUT

---

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| LAWRENCE J. BLACKWELL, | ) | CASE NO. 05-36416 (ASD) |
| | ) | |
| Debtor. | ) | CHAPTER 7 |
| | ) | |

---

| | | |
|---|---|---|
| KOREN M. PAUL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ADV. PRO. NO. 05-03152 |
| | ) | |
| LAWRENCE J. BLACKWELL, | ) | Re: DOC. I.D. NO. 50 |
| | ) | |
| Defendant. | ) | |

---

APPEARANCES:

Robert M. Singer, Esq.                     Attorney for Plaintiff-Respondent
2572 Whitney Avenue
Hamden, Connecticut  06518

Frank Sacramone, Jr., Esq.                 Attorney for Defendant-Movant
2911 Dixwell Avenue, Suite 201
Hamden, Connecticut  06518

---

**MEMORANDUM OF DECISION
ON MOTION FOR SUMMARY JUDGMENT**

ALBERT S. DABROWSKI, Chief United States Bankruptcy Judge

## I. INTRODUCTION

The matter before the Court is the Debtor-Defendant's motion for summary judgment. All that was needed to answer the Motion, and defeat it, were simple responsive pleadings compliant with the Local Rules controverting at least one material fact as to which there is a genuine issue to be tried. A simpler demurrer there could not be.

Unfortunately, as more fully discussed hereafter, Plaintiff's counsel, either ignorant of, or perhaps ignoring, applicable rules, responded with a potpourri of puzzling pleadings. However, despite the nonconforming, confusing, and mis-captioned nature the Plaintiff's pleadings, the Motion must be denied. Finally, as particularized hereafter, the Court imposes conditions for trial that are appropriate under applicable rules, warranted by the present record, and designed to reasonably control the presentation evidence so as to avoid further needless consumption of time.

## II. PROCEDURAL BACKGROUND

On October 13, 2005, Lawrence J. Blackwell  (heretofore and hereafter, the "Debtor-Defendant"), commenced in this Court a voluntary Chapter 7 bankruptcy case through the filing of a petition pursuant to Title 11, United States Code, Section 301. On November 11, 2005, Koren M. Paul  (heretofore and hereafter, the "Plaintiff") commenced the instant adversary proceeding through the filing of a Complaint to Determine Dischargeability of Debts (hereafter, the "Complaint"). Through the Complaint the Plaintiff - the former spouse of the Debtor-Defendant - seeks a determination of nondischargeability of an alleged debt arising from a state court divorce judgment pursuant to Title 11, United

States Code, Section 523(a)(15).[1] Specifically, the Plaintiff asserts the nondischargeability of an alleged debt for 50 per cent of the net proceeds of the Debtor-Defendant's post-divorce sale of their marital residence (hereafter, the "Residence").

On October 26, 2006, the Debtor-Defendant filed a . . . Motion for Summary Judgment, Doc. I.D. No. 50-1 (heretofore and hereafter, the "Motion"), accompanied by, *inter alia*, a Memorandum of Law in Support of . . . Motion for Summary Judgment, Doc. I.D. No. 53-14 (hereafter, the "Memorandum in Support"), an Affidavit of Lawrence Blackwell in Support of Motion for Summary Judgement (hereafter, the "Defendant's Affidavit"), Doc. I.D. No. 50-2, and a Local Rule 56(a)1 Statement (hereafter, the "Rule 56(a)1 Statement"), Doc. I.D. No. 53-12. In response, the Plaintiff filed on December 2,

---

[1] Section 523(a)(15) provides in relevant part that:
(a) A discharge under section 727. . . does not discharge an individual debtor from any debt –

\* \* \* \*

(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless–

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor. . . ; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a. . . former spouse. . . of the debtor.

11 U.S.C. § 523(a) (2005).

2006,[2] *inter alia*, a one-page <u>Objection to the Defendant's Motion for Summary Judgment</u> (hereafter, the "Objection"), Doc. I.D. No. 59-1, an <u>Affidavit of Koren Paul in Opposition to the Defendant's Motion for Summary Judgement</u> (hereafter, the "Plaintiff's Affidavit"), Doc. I.D. No. 59-2, a <u>Memorandum in Opposition to Defendant's Motion for Summary Judgment,</u> Doc. I.D. No. 61, and a two-page document captioned <u>Local Rule 56(a)(1)[sic] Statement</u> (hereafter, the "Plaintiff's Rule 56(a)(1)[sic] Statement"), Doc. I.D. No. 62. The Objection simply states that "[t]here are numerous issues of material facts, *concerning the debtor's right to receive a discharge*,[3] as more particularly described *in the attached motion*" (emphasis added). However, there was no motion attached to the Objection, or filed. The Plaintiff's Rule 56(a)(1)[sic] Statement lists facts claimed to be *"undisputed"*.[4] The Plaintiff did not file the requisite Local Rule 56(a)2 Statement and other material required by Rule 56(a) of the Local Civil Rules of the United States District Court for the District of Connecticut (heretofore and hereafter, the "Local Rule(s)").

The Debtor-Defendant responded by filing on December 11, 2006, a <u>. . . Reply to</u>

---

[2]The Objection was not timely filed (*see Order on Motion for Extension of Time to File Objection to Motion for Summary Judgment,* Doc. I.D. No. 55 (granting the Plaintiff until December 1, 2006, in which to file an Objection).

[3]A debtor's right to receive a discharge is subject, *inter alia*, to Section 727, not Section 523 (*i.e.*, *the Debtor's right to receive his discharge* is not implicated in the Complaint).

[4]It is clear that the Plaintiff's Local Rule 56(a)(1)[sic] Statement is not the requisite Local Rule 56(a)2 Statement. *Inter alia*, it does not contain (i) separately numbered paragraphs corresponding to the paragraphs contained in the moving party's Local Rule 56(a)1 Statement, stating whether each of the facts asserted by the moving party is admitted or denied, and (ii) a separate section entitled "Disputed Issues of Material Fact" containing a list of each issue of material fact as to which it is contended there is a genuine issue to be tried. *See*, fn. 6, *infra*.

4

Plaintiff's Objection to Debtor's Motion for Summary Judgment (hereafter, the "Defendant's Reply"), Doc. I.D. No. 63. On December 22, 2006, the Plaintiff filed a document captioned Request for Oral Argument Re Summary Judgment (hereafter, the "Request for Oral Argument"), Doc. I.D. No. 64, resulting in the Clerk scheduling a special hearing on the Motion for January 10, 2007 at which counsel for both parties appeared. Relying on the descriptive caption of the Request for Oral Argument, the Court did not review and was not familiar with the substance of the Request for Oral Argument prior to or at the Hearing.[5]

---

[5] Despite its caption, the Request for Oral Argument did not request oral argument but, rather, stated in its entirety,

> The defendant, through his attorney tries to claim that "facts" are "allegations."
> According to the debtor's own schedules, the debtor's estimated gross income per month is $10,833.33. See Schedule I. (and the debtor has been employed at the same place for 11 months). Furthermore, the debtor had $174,766.00 in income for 2004, and $85,833 in income for 2005 to the date of the filing of the petition. These facts are subject to judicial notice per FRE 201. The debtor now has the audacity to claim that these facts contained in his own schedules and Statement of Financial Affairs are "allegations."
> With regards to the claim that the mortgage refinances were used to pay for "repairs," the defendant provided one item, a list of alleged repairs. See Exhibit 5 of Defendant's Motion for Summary Judgment, The unsigned list appears to be prepared by defendant specifically for this litigation. Rule 11(b)(3) requires that "factual contentions have evidentiary support." Defendant's counsel should be able to provide at a hearing credible proof of these repairs in the form of receipts from contractors, and checks to verify payments for repairs.
> The defendants are desperately trying to have summary judgment granted,
> due to his failure to do proper pretrial disclosure, thereby presenting evidence to the court
> which would otherwise be inadmissible at trial. See Third Amended Pretrial Order,
> Paragraph 4. Doc. Id # 47.

### III.  JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over the instant proceeding by virtue of 28 U.S.C. § 1334(b); and this Court derives its authority to hear and determine this matter on reference from the District Court pursuant to 28 U.S.C. §§ 157(a), (b)(1).  This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(I).

### IV.  DISCUSSION

**A. Application of Federal Rule of Civil Procedure 56.**

Federal Rule of Civil Procedure 56(c), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, directs that summary judgment shall enter when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).  Federal Rule of Civil Procedure 56(e) provides, *inter alia*,

> "When a motion for summary judgment is made *and supported* as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." If an adverse party does not so respond, summary judgment, *if appropriate*, shall be entered against the adverse party"

(emphasis added).

When ruling on motions for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  The moving party has the burden of showing that there are no material facts in dispute and

6

all reasonable inferences are to be drawn, and all ambiguities resolved in favor of the non-moving party.  Adickes v. S.H. Kress & Co., supra at 157; Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003).

**B.  Application of Local Rule 56(a)**

Local Rule 56(a)[6] supplements Fed. R. Civ. P. 56(c) by requiring statements of

---

[6] Local Rule 56(a), entitled "Motions for Summary Judgment", applicable to this proceeding by D. Conn. LBR 1001-1(b), states in pertinent part as follows:

    1.  There shall be annexed to a motion for summary judgment a document entitled "Local Rule 56(a)1 Statement", which sets forth in separately numbered paragraphs a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried.  All material facts set forth in said statement will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Local Rule 56(a)2.

    2.  The papers opposing a motion for summary judgment shall include a document entitled "Local Rule 56(a)2 Statement," which states in separately numbered paragraphs corresponding to the paragraphs contained in the moving party's Local Rule 56(a)1 Statement whether each of the facts asserted by the moving party is admitted or denied.  The Local Rule 56(a)2 Statement must also include in a separate section entitled "Disputed Issues of Material Fact" a list of each issue of material fact as to which it is contended there is a genuine issue to be tried.

    3. Each statement of a material fact by a movant in a Local Rule 56(a)1 Statement or by an opponent in a Local Rule 56(a)2 Statement, and each denial in an opponent's Local Rule 56(a)2 Statement, must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial.  The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served with the Local Rule 56(a)1 and 2 Statements in conformity with Fed. R. Civ. P. 56(e).  Counsel and pro se parties are hereby notified that failure to provide specific citations to evidence in the record as required by this Local Rule may result in sanctions, including, when the movant fails to comply, an order denying the motion for summary judgment, and, when the opponent fails to comply, an order granting the motion.

material fact from each party to a summary judgment motion. Specifically, the Local Rule requires a party moving for summary judgment, *inter alia*, to annex to the motion a document entitled "Local Rule 56(a)1 Statement" asserting the allegedly undisputed facts on which that party relies, together with citation to the admissible evidence of record supporting each such fact. See Local Rule 56(a)1, 3; fn. 6, supra. The Debtor-Defendant has complied, procedurally, with this Local Rule. Under Local Rule 56(a)1, the material facts set forth in a movant's statement "will be deemed to be admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Local Rule 56(a)2 . . . . " Local Rule 56(a) should be "strictly interpreted, and failure to properly controvert facts in opposing a summary judgment motion is an appropriate consideration in granting the motion." Ross v. Shell Oil Co., 672 F. Supp. 63, 66 (D. Conn. 1987) (*construing* former Local Rule 9(c)).

In this District, faithful compliance with Local Rule 56(a) is an important aspect of the proper prosecution of or response to a motion for summary judgment, or opposition thereto, since that Local Rule is intended, *inter alia*, to "streamline the consideration of summary judgment motions . . . ." Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 74 (2d Cir. 2001). The failure to comply with Local Rule 56 wastes a court's limited and valuable time and resources, impedes the effective and efficient discharge of the Court's independent role under applicable law, and may lead to sanctions, including, when the opponent fails to comply, an order granting the motion. See Local Rule 56(a)3; fn. 6, supra.

In this proceeding, through his lack of attention to the Local Rules, Plaintiff's counsel

\* \* \* \*

has deprived the Court of their intended benefit. In most circumstances, a respondent's failure to file and serve a Local Rule 56(a)2 Statement[7] would be grounds alone for the entry of summary judgment against her. However, given the totality of the circumstances attending this matter, the Court will not dispose of the Motion on the basis of the Plaintiff's failure of compliance with the Local Rules but rather, *inter alia*, imposes evidentiary limitations, as discussed hereafter.

## C. At Least One Material Fact Remains in Dispute.

At the outset it is important to note that the Motion does not implicate sub-sections 523(a)(15)(A) or (B), but seeks summary judgment on a strictly limited basis – the allegation that no debt exists because there were no "net proceeds" or "profit" resulting from the sale of the Residence.[8] Central to this claim is the Debtor-Defendant's factual assertion that while the Residence appreciated approximately $191,000.00 between the divorce and its sale, Local Rule 56(a)1 Statement, ¶¶ 9, 13, and while the Debtor-Defendant accessed that appreciation through three refinances, "[a]ll money from

---

[7] The filing of an Objection does not fulfill the requirement of a "separate, discrete statement of . . . facts." *See, e.g., Hoffman v. Adinolfi, O'Brien & Hayes (In re Sylvia*, 185 B.R. 674, 676 (Bankr. D. Conn. 1995) (decision under former Local Rule 9(c)).

[8] As stated by the Debtor-Defendant:

In this case we need not reach the analysis under either safe harbor subsections (A) or (B)
   because the Plaintiff cannot establish that in the first instance, there is a debt owed to her
   pursuant to the Agreement. The Agreement provided for an equal division of the profit
   from the sale of Schenck Lane. There was no profit from the sale of Schenck Lane.

Memorandum in Support, p. 5.

refinances or mortgages was used to pay [closing] costs . . . , pay off existing encumbrances and to fund the updates and repairs to the [Residence]". Id. ¶ 11. Were this fact uncontroverted *and* supported by specific citation to evidence, see Local Rule 56(a)3, sub-sections 523(a)(15)(A) or (B) would not be in play, and the Motion would be on firm ground. It is not.

First, it is clear that the Plaintiff's responsive pleadings, however incoherent they may be, dispute the Debtor-Defendant's claim that substantial updates and repairs were made to the Residence, see, e.g., Plaintiff's Rule 56(a)(1)[sic] Statement, ¶ 4a ("At no time was the plaintiff provided proof that any repairs were made . . . "), and Plaintiff's Affidavit, ¶¶ 9, 10.[9] Accordingly, read broadly, the Plaintiff's responsive pleadings dispute a material fact as to which it is contended there is a genuine issue to be tried.

Second, the United States Court of Appeals for the Second Circuit, in Vermont Teddy Bear Co., Inc. v. 1-800-Beargram Co., Inc., 373 F.3d 241, 244 (2d Cir. 2004), has

---

[9] The Plaintiff's Affidavit, ¶ ¶ 9, 10 states:

"9.There was no reason to refinance the property, three times, for the purposes of
performing repairs in excess of $150,000.
   10. The subject property was a single family cape, in need of minor repairs at
the time
of dissolution of the marriage.
    a. No repairs were necessary due to the weight of the defendant or my
daughter's allergies.
    b. I have never seen any bills in support of Exhibit D, the alleged repairs
done to the subject property.
    c. Mr. Blackwell never told me that any repairs were being completed in
the
primary residence.
    d. I have never seen any proof to support the alleged repairs, such as
checks
to contractors."

instructed:

> [I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the . . . court may not rely solely on the statement of undisputed facts contained in the moving party's [Rule 56(a)1] statement. It must be satisfied that the citation to evidence in the record supports the assertion. Giannullo, 322 F.3d at 143 n. 5 (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

See also Giannullo v. City of New York, supra; Holtz, supra, 258 F. 3d at 74.

In this matter the Debtor-Defendant's citation to evidence supporting the disputed claim that refinance moneys were used to pay for updates and repairs includes an unsigned "list without assigned dollar amounts" of presently limited and questionable evidentiary value, if any, see Defendant's Affidavit, Exhibit D. In addition, the *unsigned* closing statement associated with a June 7, 2001 refinance reflecting $46,544.00 disbursed to "others",[10] Id., Exhibit F, when added to costs associated with the closings (including settlement charges), and the payoff existing encumbrances, see Rule 56(a)1 Statement, ¶ 11, Defendant's Affidavit at ¶¶ 17 &18, falls well short of establishing there were no "net proceeds" arising from the sale of the Residence. In short, the Debtor-Defendant's citation to evidence does not support his assertion of "no net proceeds."

**D. Facts Which Exist Without Substantial Controversy and Which Are Deemed Admitted as a Sanction**.

---

[10]Specifically, the "others" were listed as:

BATH&KITCHEN/MR. *BLACKWELL* $13,003.50
BATH&KITCHEN/MR. *BLACKWELL* $13,003.50
SUNROOM DESIGN CO./MR. *BLACKWELL* $10,266.50
SUNROOM DESIGN CO./MR. *BLACKWELL* $10,266.50

(emphasis added).

11

While at least one material fact remains in issue, the Plaintiff's Rule 56(a)(1)[sic] Statement and related pleadings admit to the majority of facts asserted in the Rule 56(a)1 Statement. For example, the Court reads the Plaintiff's Rule 56(a)(1)[sic] Statement, ¶ 3, to admit to facts asserted in the Rule 56(a)1 Statement, ¶¶ 9 & 13. Moreover, as already indicated, the sum total of the Plaintiff's responsive pleadings frame the only disputed material fact asserted in the Rule 56(a)1 Statement to be the existence and extent of the "net proceeds" or "profit" arising from the post-divorce sale of the Residence. Accordingly, this Court, pursuant to Fed. R. Civ. P. 56(d) (made applicable to this proceeding by Bankruptcy Rule 7056), is able to "specify facts that appear without substantial controversy" which "[u]pon the trial . . . shall be deemed established [with the trial conducted accordingly]."

In addition, those same facts are directly admitted in the Plaintiff's responsive pleadings, and/or are subject to being deemed admitted for the Plaintiff's failure to file the requisite papers of Local Rule 56(a)2 and 3. Specifically, at trial all material statements of fact in the Debtor-Defendant's Rule 56(a)1 Statement shall be deemed admitted pursuant to Local Rule 56(a)1, and the Plaintiff is precluded from introducing at the trial of this proceeding any evidence directly contrary thereto, *except* for the issue of the existence and monetary value of "net proceeds" or "profits" arising from the sale of the Residence, including, but not necessarily limited to, the existence and monetary value of updates and repairs to the Residence. In addition, at trial the Debtor-Defendant shall have the benefit of all reasonable inferences arising from the deemed admitted facts in the Rule 56(a)1 Statement, and is free to seek to introduce any additional evidence he believes appropriate.

To avoid any confusion arising from this determination, the Court repeats hereafter the Debtor's Rule 56(a)1 Statement in its entirety with those facts in controversy and *not* deemed admitted pursuant to this ruling underlined.

> 1. The Defendant became married to the Plaintiff, Koren M. Paul on December 31, 1992 (see Affidavit paragraph 5). A Judgment of the Superior Court (Doherty J.) dissolving the marriage entered on December 5, 1997. (see Affidavit paragraph 6).
>
> 2. The Judgment stated that "the written agreement of the parties filed with the court on December 5, 1997 is accepted and incorporated by reference into the judgment and made a part hereof." (see Affidavit paragraph 7).
>
> 3. [Intentionally left blank by the Court].[11]
>
> 4. Paragraph 6 of the Agreement provides "The husband and wife will equally share (50%) any profit from the sale of the marital property at 38 Schenck Lane, Naugatuck, CT 06770." (Schenk Lane or Property) (see Affidavit paragraph 9).
>
> 5. Schenck Lane was originally purchased . . . solely in the Defendant's name as the Plaintiff was unable to obtain credit due to a bankruptcy she filed at the beginning of our marriage relating to debt from her first marriage. The Defendant was the sole obligor on the purchase mortgage. (see Affidavit paragraph 10).
>
> 6. During the marriage all living expenses of the Plaintiff, daughter Kayla and Shane Rogers, the Plaintiff's son from her previous marriage, were borne by the Defendant as the Plaintiff held no employment. (see Affidavit paragraph 11).
>
> 7. Prior to the purchase of Schenck Lane, the Plaintiff, Defendant, daughter Kayla and Shane Rogers lived in a residence purchased by the Defendant prior to the marriage. Schenck Lane was purchased to accommodate the need for larger living space for the family. (see Affidavit paragraph 12).
>
> 8. After the divorce, in approximately March 1998 the Plaintiff and the children moved to 215 Roosevelt Avenue Stratford Connecticut. The Judgment provided that "the custody of the minor child shall be joint legal

---

[11] Note: The Rule 56(a)1 Statement contains two paragraphs numbered "1", and no paragraph numbered "3".

custody, primary physical custody with the plaintiff/mother. Pursuant to the agreement "The husband will have visitation every other weekend, alternating Saturday or Sunday on the other weekend, one evening during the week; two non-consecutive weeks during the summer." (see Affidavit paragraph 13).

9. Schenck Lane was sold for $319,900.00 in July 2005. <u>The Defendant did not realize any profit on the sale of the residence</u>. The Defendant had to contribute funds to the closing as the sale proceeds were insufficient to clear the encumbrances and sale expenses. There was no equity at the time of the closing. (see Affidavit paragraphs 14, 15)

10. Schenck Lane home was originally built circa 1960 and an addition was constructed in 1970 prior to the enactment of the building code. <u>The home was in need of these repairs and updates</u> . Subsequent to the Judgment dissolving the marriage the Defendant refinanced the Property <u>to make repairs and update the declining condition of the Property. The repairs and updates were also necessitated by health issues related to the Defendant's weight and my daughter Kayla's allergies</u> . . . . (see Affidavit paragraph 16)

11. <u>All</u> money from the refinances or mortgages was used to pay costs associated with the closings (including settlement charges), payoff existing encumbrances <u>and to fund the updates and repairs on the Property</u>. (see Affidavit paragraphs 17 & 18)

12. There was no requirement in the Judgment or Agreement concerning a date or event triggering an obligation to sell the residence. The Defendant was not obligated to sell the residence as a result of the Judgment or Agreement. There was no provision in the Judgment or Agreement barring or limiting the refinance of the Property. <u>All of the updates and repairs were necessary for health reasons for daughter Kayla and the Defendant, to protect the property from further deterioration and bring the property up to code</u>. (see Affidavit paragraph 19)

13. At the time of the dissolution of marriage there was no equity in Schenck Lane. At the time of the Judgment dissolving the marriage the principal balance on the mortgage was $135,097.98 and the value of the residence was 128,000.00 leaving a negative equity of $7,098.00. (see Affidavit paragraph 20)

14. The Defendant was the sole obligor on the purchase mortgage obligation. Neither the Judgment nor the Agreement made the Plaintiff responsible for any portion of the mortgage obligation. Additionally if the property declined in value due to the deteriorating condition then upon a sale the Defendant would be solely responsible for the loss as the Judgment only

14

refers to an equal share of any profit. (see Affidavit paragraph 21)

The designation of the "facts" above as "deemed admitted" is not to be construed as a finding by this court that all such facts are material and/or relevant to this proceeding, or that all are facts rather than conclusions of law.

### E. Burden of Proof at Trial

Finally, in light of counsel for the Debtor-Defendant's statements, citing prior decisions of this Court, that "[t]he Plaintiff bears the burden of proof when prosecuting an exception to discharge under 11 U.S.C. Section 523", Defendant's Reply, p. 3, and his argument that:

> "it is a well-settled principle that the exceptions to discharge found in Section 523 *must be narrowly construed against a creditor and in favor of the debtor.* See In re Rivera, 217 B.R. 379 [384] (Bank D. Conn. 1998) (Dabrowski, J.). This rule of construction implements the fresh start policy of the Bankruptcy Code. Id."

Memorandum in Support, p. 8 (emphasis added), and to lend clarity to the trial of this proceeding, the Court chooses to address the allocation of the burden of proof at the trial of this proceeding at this time.

In <u>Rivera</u>, this Court determined, *inter alia*, debt nondischargeability in the context of debtor fraud and misrepresentation under Section 523(a)(2), larceny, embezzlement and fraud or defalcation in a fiduciary capacity under Section 523(a)(4), and wilful and malicious injury under Section 523(a)(6). Subsequent to the decision in <u>Rivera</u>, addressing the burden of proof in the context of a Section 523(a)(15) complaint, this Court opined as follows:

> The *standard* of proof under Section 523(a)(15), as with other Section 523(a) dischargeability exceptions, is a preponderance of the evidence. <u>See Grogan v. Garner</u>, 498 U.S. at 291. However, the *allocation* of the *burden*

15

> of proof under Section 523(a)(15) is somewhat unique. A plaintiff/former spouse bears the initial burden of demonstrating (i) that there is a "debt" owed to her; (ii) that such debt was "incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement [or] divorce decree"; and (iii) that such obligation is "not of the kind described in . . . [Code Section 523(a)](5)". Upon a successful initial showing by the plaintiff, the burden then shifts to the debtor-defendant to prove either one of the dischargeability "safe harbors" provided by subparagraph (A) and (B) of Section 523(a)(15). E.g., Matter of Crosswhite, 148 F.3d 879 (7th Cir. 1998); Simon v. Murrell (In re Murrell), 257 B.R. 386, 389 (Bankr. D. Conn. 2001). *In this manner the ultimate burden of persuasion may lie with the debtor-defendant.*

In re Rogan, 283 B.R. 643, 647 (Bankr. D. Conn. 2002) (emphasis added)(footnote omitted). The Court then opined that "[i]n this sense Section 523(a)(15) forms an exception to the general maxim that discharge exceptions are to be narrowly construed in favor of the debtor." Id. at fn. 10.

In other words, at the trial of this proceeding, the Plaintiff bears the initial burden of proving the existence of a debt that was "incurred by the debtor in the course of a divorce or. . . in connection with a. . . divorce decree".[12] The burden then shifts to the Debtor-Defendant to rebut that proof, and/or establish the applicability of either "safe harbor" provided by subparagraph (A) or (B) of Section 523(a)(15).

## V. CONCLUSION

The Plaintiff's responsive pleadings dispute the Debtor-Defendant's assertion of "no debt" leaving controverted at least one material fact as to which there is a genuine issue to be tried. In addition, the Debtor-Defendant has failed to support his factual assertion of "no debt" and "no net profit" with adequate citation to supporting evidence. Accordingly, the

---

[12] Both the Plaintiff's and the Debtor-Defendant's pleadings appear to admit that such debt was "incurred by the debtor in the course of their divorce", and, consequently, that fact is "deemed admitted."

16

Motion shall be **DENIED** *with conditions* applicable to the trial imposed as set forth herein.[13]

The Third Amended Pre-Trial Order, Doc. I.D. No. 47, is amended as to the Trial Date, in accordance with which the trial of this proceeding shall be held Monday, April 30, 2007 at 10:00 A.M. at the United States Bankruptcy Court, Connecticut Financial Center (18th Floor), 157 Church Street, New Haven, Connecticut. An Order consistent with this Memorandum of Decision shall be filed simultaneously herewith.

Dated: February 22, 2007

BY THE COURT

Albert S. Dabrowski
Chief United States Bankruptcy Judge

---

[13] Counsel for the Plaintiff should not read this Memorandum of decision with any degree of comfort. In failing to comply with Local Rule 56(a)2 and 3, counsel has chosen a very "risky and imprudent path", *Vermont Teddy Bear Co. Inc.*, *supra*, 373 F.3d at 247. Moreover, this Memorandum of Decision establishes a record of the Plaintiff's counsel's non-compliance with applicable summary judgment rules which this Court may consider relevant in any subsequent summary judgment proceeding in which that counsel again ignores those rules.